SOUTHERN LIVING, INC., Progressive Farmer, Inc., Plaintiffs/Appellants,

v.

Kathryn Behm CELAURO, Commissioner of Revenue, State of Tennessee, Defendant/Appellee.

Supreme Court of Tennessee, at Nashville.

March 5, 1990.

Rehearing Denied May 14, 1990.

Charles A. Trost, Waller, Lansden, Dortch & Davis, Nashville, for plaintiffs/appellants.

Charles W. Burson, Atty. Gen. & Reporter, Daryl J. Brand, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

O'BRIEN, Justice.

This suit was instituted for the recovery of sales taxes, penalty and interest paid by

the plaintiffs under protest. It involves substantially the same facts and circumstances contained in *Newsweek, Inc. v. Commissioner of Revenue*, 789 S.W.2d 247 (Tenn.1990), which is released contemporaneously with this cause of action. The Commissioner assessed a sales and/or use tax on plaintiffs' mail order subscription sales in the State of Tennessee for the years 1985 through September 1987, pursuant to the Retailers Sales Tax Act, T.C.A. § 67–6–201 et seq.

The issues presented for review are summarized as follows:

(1) Did the plaintiffs have a sufficient nexus with the State of Tennessee to warrant imposition of a sales tax on mail order subscription sales of their publications, Southern Living, Creative Ideas for Living and Progressive Farmer to residents of Tennessee?

(2) If the foregoing publications are not "newspapers" does the imposition of a tax on the sales of these publications as magazines, periodicals or publications, denying it the newspaper exemption from the same tax, amount to a violation of plaintiffs' constitutional rights in that:

(a) It violates plaintiffs' constitutional guarantees of freedom of the press and freedom of expression under the First and Fourteenth Amendment to the United States Constitution and Article I, Sec. 19 of the Tennessee Constitution;

(b) It denies plaintiffs' right to due process of law and equal protection under the guarantees of the Fourteenth Amendment to the United States Constitution and Article I, Sec. 8 of the Tennessee Constitution.

(3) Is the imposition of the sales tax on sales of plaintiffs' non-religious publications, while allowing an exemption from taxation on the sale, use or distribution of religious publications to or by churches or charitable institutions, not an unconstitutional establishment of religion and religious discrimination in violation of the First and Fourteenth Amendments to the United States Constitution

and Article I, Sec. 3 and Article XI, Sec. 8 of the Tennessee Constitution?

(4) Is the imposition of a penalty against the plaintiffs under the Tennessee tax law and regulations equitable and should the penalty be abated?

We are of the opinion that the Tennessee tax scheme is invalid as it affects the plaintiffs and is in violation of their rights to freedom of speech and press under the First Amendment to the United States Constitution and Article I, Sec. 19 of the Tennessee Constitution.

In addressing plaintiffs' First Amendment claim of infringement on the constitutional guarantee of freedom of speech and the press the State relies almost wholly on the United States Supreme Court decision in *Regan v. Taxation With Representation of Washington*, 461 U.S. 540, 103 S.Ct. 1997, 76 L.Ed.2d 129 (1983). This case was a suit brought by the Taxation With Representation organization in federal court seeking a declaratory judgment that it qualified for exemption granted by the Internal Revenue Department to certain charitable and religious organizations under the Internal Revenue Code. That case has little or nothing to do with the abridgement of freedom of speech, or of the press contained in the First Amendment to the Constitution, which is the thrust of the complaint in this suit. It is indisputable that a tax that burdens rights protected by the First Amendment cannot stand unless the burden is necessary to achieve an overriding governmental interest. *Minneapolis Star & Tribune v. Minnesota Commissioner of Revenue*, 460 U.S. 575, 103 S.Ct. 1365, 1370, 75 L.Ed.2d 295 (1983).

In response to that verity, the State says that differential treatment of the press, as opposed to other businesses, does not occur under Tennessee Sales and Use Tax statutes. The Tennessee and Use Tax applies generally to everyone engaged in the business of selling tangible personal property at retail in Tennessee, or who uses or consumes such property in the State, citing T.C.A. § 67–6–201. They state correctly that plaintiffs' grievance is that newspa-

pers in this State are afforded a tax exemption while other elements of the press, including the plaintiffs' publications, are subject to the generally applicable sales and use tax. In support of its contention the State says that Tennessee's exemption of newspapers, while other types of publications are taxed, can be justified as a content-neutral distinction, citing as authority a California Court of Appeals libel suit in which the court engaged in a semantical discussion of the definition of a newspaper in contemplation of California's libel and slander statutes. Utilizing this classification the State insists that the "newspaper" exemption of T.C.A. § 67–6–329(a)(3) is revealed as furthering a vital public interest: "The immediate and timely dissemination of information to the public."

■ We responded fully to this assertion in the *Newsweek* case, and concluded that in our view, the immediate provision of news is not a compelling governmental interest. There is nothing to suggest that newspapers require an exemption in order to furnish such immediacy in bringing the news to the public. Further, there is no basis for giving immediate news a privileged position over other avenues of news reporting which is accompanied by more deliberative analysis or commentary. It is not a legitimate function of the government to decide which form of information furthers better the public interest. Moreover, the exemption statute is not narrowly tailored to meet the asserted governmental interest. The tax that singles out the press, or that targets individual publications within the press, places a heavy burden on the State to justify its action. *Minneapolis Star*, supra, 103 S.Ct. at 1376. In this case the State has failed to meet this heavy burden. It has advanced no compelling justification for selective, content based taxation of plaintiffs' publications.

■ We have not addressed the constitutional issues under the free-press provisions of the Tennessee Constitution because we have previously expressed the opinion that the Tennessee Constitutional provision assuring protection of speech and press, Tennessee Constitution Article I,

Sec. 19, should be construed to have a scope at least as broad as that afforded those freedoms by the First Amendment of the United States Constitution. *Leech v. American Book Sellers Ass'n, Inc.*, 582 S.W.2d 738, 745 (Tenn.1979).

■ The appellants present the issue here, ruled upon adversely to them in the trial court, of whether a tax on their nonreligious publications while exempting certain religious publications from taxation is an unconstitutional establishment of religion. We consider that issue pretermitted, as well as other issues have been pretermitted, by our finding that the Tennessee tax scheme is invalid as it applies to these plaintiffs. Nonetheless, we subscribe to the view stated by the United States Supreme Court in *Texas Monthly, Inc. v. Bullock*, 489 U.S. 1, 109 S.Ct. 890, 103 L.Ed.2d 1 (1989), 109 S.Ct. at p. 896, "It is not for us to decide whether the correct response as a matter of State law to a finding that a state tax exemption is unconstitutional is to eliminate the exemption, to curtail it, to broaden it, or to invalidate the tax altogether." That is a legislative function.

The judgment of the trial court is reversed. The case is remanded for such other and further proceedings as may be required. The costs on this appeal are assessed against the defendant.

DROWOTA, C.J., and FONES, COOPER and HARBISON, JJ., concur.

## ORDER ON PETITION TO REHEAR

PER CURIAM.

The Court has carefully reviewed the grounds stated in the petition to rehear, and conclude that we have not misapprehended either the law or the facts.

The petition to rehear is denied.